IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE MOSBY,

                                                                                           ORDER

                Plaintiff,

                                                                                         08-cv-677-slc[1]

      v.

JULIE DOE, SUSANNA DOE,
SUSAN DOE, KURT DOE,
JAMES WOMMACK and
DAVID J. MAHONEY,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

In this civil action for monetary relief brought under 42 U.S.C. § 1983, plaintiff Willie Mosby, a prisoner at the Wisconsin Secure Program Facility, contends that respondents Julie Doe, Susanna Doe, Susan Doe, Kurt Doe and James Wommack have violated his rights under the Eighth Amendment by denying him dental care and adequate pain relief medication while plaintiff was housed at the Dane County jail. Now defendant Dane County Sheriff David J. Mahoney has filed a motion to dismiss the complaint

---

[1] While this court has a judicial vacancy, the court is assigning 50% of its caseload automatically to Magistrate Judge Stephen Crocker. For the sole purpose of issuing this order, I am assuming jurisdiction over the case.

1

pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief can be granted. Defendant did not file a brief in support of his motion, but presumably he moves to dismiss the complaint because it does not allege that he was personally involved in any of the acts about which plaintiff complains. This should not be surprising to defendant because his limited presence in the suit was explained in the court's December 17, 2008 order. In that order, I noted that because plaintiff had named a number of "Doe" defendants, it would be necessary to include temporarily a high-ranking official who could identify these individuals. That high-ranking official is defendant Mahoney, who is in a position to know or determine the names of dentists and nurses working at the jail. Once plaintiff discovers the names of the Doe defendants he will be required to amend his complaint to identify them, and Mahoney will be dismissed. Thus, I will deny defendant's motion to dismiss at this time.

ORDER

IT IS ORDERED that defendant David J. Mahoney's motion to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) is DENIED.

Entered this 27th day of January, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge

3