IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE MOSBY,

         ORDER

     Plaintiff,

         08-cv-677-slc[1]

  v.

JULIE DOE, SUSANNA DOE,
SUSAN DOE, KURT DOE,
JAMES WOMMACK and
DAVID J. MAHONEY,

     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

   In an order dated December 17, 2008, I granted plaintiff leave to proceed on his

claim that defendants Julie Doe, Susanna Doe, Susan Doe, Kurt Doe and James Wommack

violated his rights under the Eighth Amendment when they were deliberately indifferent to

his serious need for dental care and adequate pain relief medication while he was housed at

the Dane County jail.  I allowed plaintiff to proceed against defendant Dane County Sheriff

David J. Mahoney for the sole purpose of allowing plaintiff to discover the names of the Doe

---

[1] While this court has a judicial vacancy, the court is assigning 50% of its caseload
automatically to Magistrate Judge Stephen Crocker.  For the sole purpose of issuing this
order, I am assuming jurisdiction over the case.

1

defendants.   I advised the parties that once defendant Mahoney identified the Doe defendants, I would dismiss him from the complaint.   Finally, I denied plaintiff leave to proceed in forma pauperis on his claim against defendant Anhalt, because his own allegations showed that Anhalt had taken plaintiff's complaints of pain seriously and had agreed to do what was necessary to schedule him to see an oral surgeon, despite the fact that plaintiff was transferred to another prison before the appointment could be scheduled.

Now plaintiff has filed a motion for reconsideration of this court's decision to deny him leave to proceed against defendant Richelle Anhalt.   In addition, defendant Mahoney has submitted a letter in which he identifies the "Doe" defendants.

Plaintiff's motion for reconsideration will be denied.   In support of the motion, plaintiff argues that Anhalt's failure to secure an appointment for him with an oral surgeon within the 18 days that passed between the time she met with him and the time he was transferred from the jail should be sufficient by itself to suggest that she was deliberately indifferent to his serious dental needs.   I disagree.   Plaintiff's own allegations are that Anhalt expressed concern for the pain he was suffering, told him that the nurses were wrong for not providing him with pain medication, and advised plaintiff she would schedule him to see an oral surgeon immediately with the jail covering the cost.   Later, when plaintiff asked about his appointment, nurses told plaintiff that Anhalt was "working on it."   Nothing in these allegations allows an inference to be drawn that Anhalt was deliberately indifferent to

2

plaintiff's serious dental needs.  The mere fact that Anhalt was not successful in arranging for the surgery in advance of plaintiff's departure from the jail does not give rise to a claim of constitutional wrongdoing.

I turn then to the matter of the identification of the Doe defendants in this case.   In a letter dated February 3, 2009, defendant Mahoney advises the court that to the best of his ability, "and without guaranteeing 100 percent accuracy, he believes that the person plaintiff identified as Julie Doe is Julie Cavey, Susanna Doe is Suzanna Rushford, Susan Doe is Susan Burkeheimer, and Kurt Doe is Curt Silberschmidt.  Mahoney explains that these defendants were not employees of Dane County at the time at issue in this case but rather, were employees of Prison Health Services, which contracted with Dane County to provide medical and dental care to inmates in custody at the Dane County jail.  Mahoney states that Dane County does not have the addresses of these defendants, that Prison Health Services no longer provides services to the Dane County jail and that he does not have access to personal information about Prison Health Services employees.  He notes that Prison Health Services' national counsel is the law firm of Nall & Miller, LLP, and that an attorney Alexia Ruffner Roney may be able to further assist plaintiff in obtaining information about the addresses of defendants Cavey, Rushford, Burkeheimer and Silberschmidt so that they may be served with plaintiff's complaint.

In the interest of efficiency, I have amended the caption of plaintiff's original

3

complaint to correct the names of the Doe defendants.  I will assume that the parties will read each reference in the body of the complaint to defendant Julie Doe as a reference to Julie Cavey, each reference to Susanna Doe as a reference to Suzanna Rushford, each reference to Susan Doe as a reference to Susan Burkeheimer and each reference to Kurt Doe as a reference to Curt Silberschmidt.  Further, I have asked the clerk to prepare Marshals Service and summons forms for the newly identified defendants and am forwarding a copy of plaintiff's amended complaint, the December 17 order and the completed forms to the United States Marshal for service on them.

In completing the Marshals Service forms for defendants Cavey, Rushford, Burkeheimer and Silberschmidt, the clerk has not provided addresses for any one of them because this information is unknown.  It will be up to the marshal to make a reasonable effort to locate these defendants by contacting the attorney identified by defendant Mahoney in his February 3, 2009 submission, a copy of which is being sent to him, or by conducting an Internet search of public records for the defendants' current addresses or both.  See Sellers v. United States, 902 F.2d 598, 602 (7th Cir. 1990) (once defendant is identified, marshal to make reasonable effort to obtain current address).  Reasonable efforts do not require the marshal to be a private investigator for civil litigants or to use software available only to law enforcement officers to discover addresses for defendants whose whereabouts are not discoverable through public records.

Also, for plaintiff's information, in <u>Sellers</u>, the court of appeals recognized the security concerns that arise when prisoners have access to the personal addresses of former or current prison employees.  <u>Sellers v. United States</u>, 902 F.2d at 602.  For this reason prison employees often take steps to insure that their personal addresses are not available in public records accessible through the Internet.  If the marshal is successful in obtaining the defendants' personal addresses, he is to maintain those addresses in confidence rather than reveal them on the marshals service forms, because the forms are filed in the court's public file and mailed to the plaintiff after service is effected.

ORDER

IT IS ORDERED that

1.  Plaintiff's motion for reconsideration of the decision to deny him leave to proceed <u>in forma pauperis</u> against defendant Richelle Anhalt is DENIED;

2.  The caption of plaintiff's complaint is AMENDED to identify the Doe defendants as follows: Julie Doe is Julie Cavey, Susanna Doe is Suzanna Rushford, Susan Doe is Susan Burkeheimer and Kurt Doe is Curt Silberschmidt.  In all future filings, the parties are to conform their captions to reflect these changes.

3.  On the court's own motion, defendant David J. Mahoney is DISMISSED from this action.

4. The U.S. Marshal shall make reasonable efforts to locate defendants Cavey, Rushford, Burkeheimer and Silberschmidt and, if his efforts are successful, to serve them with a summons and a copy of the complaint in this case. If the Marshal is unsuccessful in locating any one or more of the defendants despite making reasonable efforts to do so, he may file an unexecuted return on which he describes the efforts he made.

Entered this 4th day of February, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge