IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

WILLIE MOSBY,

                                                        ORDER

                Plaintiff,

                                                    08-cv-677-slc

     v.

JULIE WOMMACK, SUSAN
BURKEHEIMER, JULIE CAVEY,
SUZANNA RUSHFORD and
CURT SILBERSCHMIDT,

                Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

       In this case, plaintiff has filed a letter dated August 3, 2009, that I construe as a motion for an order directing prison officials to pay the remainder of his filing fee from his release account. Dkt. #40. According to plaintiff it will take him "quite some time" to pay the balance using funds from his regular account. He says that he would be able to "pay it all off now" using his release account funds. Plaintiff's motion must be denied.

       Under the Prison Litigation Reform Act, an inmate who files a lawsuit in federal court under the in forma pauperis statute must pay the $350 filing fee, first by making an initial partial payment and then by sending the remainder of the fee to the court in installments

1

of 20% of the preceding month's income in accordance with 28 U.S.C. § 1915(b)(2). On November 26, 2008, Magistrate Judge Stephen Crocker entered an order assessing plaintiff a $16.76 initial partial payment of the filing fee, which plaintiff paid on December 8, 2008. In the same order, the magistrate judge explained that plaintiff could use his release account funds to pay some or all of the assessed amount but that he could not ask prison authorities to pay *all* of his filing fee from his release account.

Although this court appreciates the initiative plaintiff has shown to pay his remaining balance promptly, he cannot use his release account funds in the manner he requests. The language in 28 U.S.C. § 1915(b)(1) suggests that prison officials are required to use a prisoner's release account to satisfy an *initial partial payment* if no other funds are available. Carter v. Bennett, 399 F. Supp. 2d 936, 936-37 (W.D. Wis. 2005). However, with the exception of initial partial payments, I do not have the authority to tell state officials whether and to what extent a prisoner should be able to withdraw money from his release account. Because plaintiff cannot use his release account funds to pay the remaining balance of the $350 filing fee, I will deny his motion.

2

ORDER

IT IS ORDERED that plaintiff's motion for an order directing prison officials to pay the remainder of his filing fee from his release account, dkt. #40, is DENIED.

Entered this 11th day of August, 2009.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge