IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE MOSBY,

            Plaintiff,                           ORDER

v.                                             08-cv-677-slc

JULIE CAVEY, SUSANNA RUSHFORD, SUSAN
BURKEHEIMER, CURT SILBERSCHMIDT and
JAMES WOMMACK,

            Defendants.

---

Plaintiff Willie Mosby is proceeding on his Eighth Amendment claim that defendants were deliberately indifferent to his serous dental needs in late 2006 and early 2007. On August 27, 2009, defendants moved for summary judgment. Now before the court is plaintiff's motion for sanctions, for a protective order and to stay the summary judgment motion.

This entire case revolves around plaintiff's dental conditions and treatment. Plaintiff's dental records and possibly some medical records would have highly relevant information on these topics. Therefore, plaintiff's medical/dental records are discoverable by defendants, with an appropriate protective order limiting who could review the records and how they could use them. This is a routine procedure in cases like this one, and most plaintiffs, having chosen to put their dental conditions and treatment into dispute, agree to disclose their records. However, I understand plaintiff to be objecting to defendants including certain medical records in their summary judgment submissions because they obtained these records without his consent. In other words, defendants already have documents even though plaintiff never consented to their disclosure. This was an error on defendants' part. However, their error does not require sanctions or striking the records.

Initially I note that it is not clear from either plaintiff's motion or defendants' response to which records he is referring. Those medical records that concern his dental treatment prior to April 2007 when his tooth was removed are relevant and need to be considered. Medical records concerning other injures would not be relevant. Thus, to determine whether specific records are relevant requires the parties to point out which documents are actually in dispute.

Further, because defendants' obtained some of plaintiff's medical records without his consent, the court will not consider those documents unless plaintiff consents to their release. This court never will order a party to sign a medical records release form. A litigant always has the option of maintaining the privacy of his medical records above all else. However, once this court has determined that information contained in those records is directly relevant to material issues in the lawsuit, then a party's decision not to sign a release will have consequences commensurate with the importance of the records. In this case, plaintiff's medical records contain information that likely goes to the heart of plaintiff's claims against defendants. Therefore, if plaintiff decides that he does not wish to disclose his relevant medical records as part of discovery in this case, then it is likely that this court would dismiss plaintiff's lawsuit. The court would allow the parties to be heard before imposing any sanction.

So, it remains plaintiff's choice whether to release his medical records to defendants' attorney. Because defendant's have already filed their motion for summary judgment, everyone needs to know soon what plaintiff wants to do. I will give plaintiff until September 28, 2009 to identify those medical records that he does not believe are relevant to his case and to decide whether to consent to the release of those records that are relevant to his claim. In identifying

relevant records, plaintiff should keep in mind that any medical records that concern his dental treatment prior to April 2007, when his tooth was removed, are relevant and need to be considered. Once plaintiff files an affidavit consenting to the release of relevant medical records, defendants must file an appropriate protective order regarding the records no later than October 1, 2009. Further, I will not stay briefing on defendants' motion for summary judgment, but I will extend briefing deadlines. Plaintiff's brief in opposition to defendants' motion for summary judgment shall be filed no later than October 5, 2009, and defendants may reply no later than October 15, 2009. Plaintiff's motion for sanctions and a protective order and for a stay of the summary judgment motion will be denied at this time.

## ORDER

IT IS ORDERED that:

1. Plaintiff's motion for sanctions, a protective order and for a stay of the motion for summary judgment, dkt. #52, is DENIED.

2. Plaintiff shall identify those medical records that he does not believe are relevant and decide whether he will consent to the release of those records that are relevant to his claim by September 28, 2009.

3. Defendant shall file an appropriate protective order regarding plaintiff's medical records no later than October 1, 2009.

4. Plaintiff shall file his brief in opposition to defendant's motion for summary judgment not later than October 5, 2009, and defendants may reply not later than October 15, 2009.

Entered this 18TH day of September, 2009.

BY THE COURT:

/s/ Stephen L. Crocker

STEPHEN L. CROCKER
Magistrate Judge