IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

WILLIE MOSBY,

                        Plaintiff,                              ORDER

      v.                                                08-cv-677-vis

JULIE CAVEY, SUSANNA RUSHFORD, SUSAN
BURKEHEIMER, CURT SILBERSCHMIDT and
JAMES WOMMACK,

                        Defendants.

Plaintiff Willie Mosby is proceeding on his Eighth Amendment claim that defendants were deliberately indifferent to his serous dental needs in late 2006 and early 2007. On August 27, 2009, defendants moved for summary judgment. On September 18, 2009, I denied plaintiff's motion for sanctions, a protective order and for a stay of defendant's summary judgment motion. Further, I addressed the issue regarding defendant's use of medical/dental records for which plaintiff had never provided consent. I gave plaintiff until September 28, 2009, to identify which records he had not provided consent for. Now plaintiff has responded noting that he did not consent to the release of medical/dental records created prior to October 15, 2006 and that he objects to the use of such records because those records are irrelevant to his dental needs after that date. In his response, plaintiff also seeks an extension of time of the October 5, 2009 deadline for his response to defendant's motion for summary judgment and requests that references to pre-October 15, 2006 medical/dental records be struck from defendants' materials in support of their motion for summary judgment.

As I explained before, this entire case revolves around plaintiff's dental conditions and treatment. Under Fed. R. Civ. P. 26(b)(1), discovery entitles a party to relevant information. Further, such "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." *Id.* Plaintiff's pre-October

15, 2006 dental/medical records may contain information relevant to or reasonably calculated to lead to information relevant to the post-October 15, 2006 treatment of his dental condition. Although the information may prove inadmissible and irrelevant, the information is not so clearly irrelevant as to bar defendant's discovery and offering of the records at summary judgment. It is the court's role to determine the relevancy and admissibility of the records. If the information in the records is in fact irrelevant to plaintiff's case or inadmissible, then it will be withheld on summary judgment or excluded at trial. However, this does not affect whether the records are discoverable, which is the issue at hand.

Plaintiff has suggested that he intends to withhold consent to defendant's use of pre-October 15, 2006 dental/medical records because he believes such information is at the end of the day irrelevant to his claims. Although that may prove to be true, such a determination is not clear at this time. Plaintiff remains entitled to decide not to consent to defendant's use of the records, but he should be aware that such a decision could carry unintended consequences, such as dismissal of plaintiff's lawsuit. To be clear, plaintiff's consent to defendant's use of such dental/medical records does not mean that all the information in the records are necessarily relevant or admissible. Thus, now that plaintiff is properly informed and the specific records at issue have been identified, I will provide him with an opportunity to make his final decision regarding his consent to pre-October 15, 2006 dental/medical records.

As I noted in my last order, because defendants have already filed their motion for summary judgment, this process must move quickly. I will give plaintiff until October 14, 2009 to provide his final decision regarding consent to use of the pre-October 15, 2006 medical/dental

2

records.  Further, defendants must submit an appropriate protective order regarding the records no later than October 16, 2009.  I note that the protective order previously submitted by defendants, *see* dkt. 59-2, is not appropriate.  The portion on page two of their submission would be appropriate by itself.  Finally, I will provide plaintiff with an extension of time for his response to defendant's motion for summary judgment.  He will have until November 5, 2009 in which to respond.

ORDER

IT IS ORDERED that:

1.  Plaintiff's motion to strike certain of defendant's proposed findings of fact, dkt. 58, is DENIED.

2. No later than October 14, 2009, plaintiff shall file an affidavit regarding his decision whether to consent to defendant's discovery and use of pre-October 15, 2006 medical/dental records; defendants shall file an appropriate protective order no later than October 16, 2009

3.  Plaintiff's motion for an extension of time in which to respond to defendant's motion for summary judgment, dkt. 57, is GRANTED; plaintiff shall file his brief in opposition to defendant's motion for summary judgment no later than November 5, 2009, and defendant may reply not later than November 15, 2009.

Entered this 5th day of October, 2009.

BY THE COURT:

/s/

_____
STEPHEN L. CROCKER
Magistrate Judge