IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

WILLIE MOSBY,

                Plaintiff,                OPINION AND ORDER

  v.

                                                  08-cv-677-wmc

KURT SILBERSCHMIDT and
JAMES WOMMACK,

                Defendants.

---

In this civil action, plaintiff Willie Mosby alleges that defendants Kurt Silberschmidt and James Wommack were deliberately indifferent to his serious dental needs in violation of his Eighth Amendment rights. Both parties have filed motions in limine, which the court will now address.

## I.    Defendants' Motions in Limine

Defendants move to preclude witnesses from providing opinion testimony about plaintiff's credibility and believability. (Dkt. #153.) Plaintiff responds that he "does not intend to elicit testimony from any witness that Willie Mosby is credible and/or believable." (Pl.'s Resp., dkt. #171, at 1.) Accordingly, defendants' first motion will be granted provided defendants do not open the door by putting plaintiff's credibility into question. Fed. R. Evid. 608(a).

Defendants have also moved to preclude plaintiff's experts from testifying about procedures that "might have been performed" and about their personal practices or standards of care. Plaintiff rebuts this request for several reasons. (Dkt. #154.) As an

initial matter, plaintiff contends that nothing submitted by his expert, Dr. Patrick Tepe, suggests that he will testify at trial to his own personal standard of dentistry, as opposed to testifying about the appropriate standard of care for a reasonable dentist. Moreover, because defendants allege that they were exercising reasonable medical judgment in making their treatment decision about plaintiff, plaintiff must prove that defendants' treatment was "a substantial departure from accepted professional judgment, practice, or standards as to demonstrate that [defendants] did not base [their] decision on [medical] judgment." *Estate of Cole by Pardue v. Fromm*, 94 F.3d 254, 261-262 (7th Cir. 1996). In other words, plaintiff's expert will need to testify about what other treatment or procedures should have been performed under a proper exercise of medical judgment to prove defendants acted with deliberate indifference. Accordingly, defendants' second motion in limine will be denied.

II.     Plaintiff's Motions In Limine

Plaintiff has requested that defendants' expert, Dr. Fred LaCourt, be precluded from testifying. Specifically, plaintiff contends that LaCourt's expert report fails to comply with Fed. R. Civ. P. 26(a)(2) and that any testimony he would provide would not satisfy Fed. R. Evid. 702 and *Daubert v. Merrell Dow Pharmaceuticals, Inc.*, 509 U.S. 579 (1993), because he provides nothing more than conclusory opinions. Although LaCourt's expert report is terse, it provides enough information to permit him to testify at trial, though only to the opinions and the basis actually expressed in his report.

Rule 26(a)(2)(B)(i) requires "a complete statement of all opinions the witness will express and the basis and reasons for them." Under Fed. R. Evid. 702, it is the duty of a district court to function as a "gatekeeper" regarding expert testimony, which entails determining whether the proposed expert testimony is both relevant and reliable. *Daubert*, 509 U.S. at 589. The Court of Appeals for the Seventh Circuit has set forth a three-step analysis for addressing relevance and reliability:

> [1] the witness must be qualified "as an expert by knowledge, skill, experience, training, or education," Fed. R. Evid. 702; [2] the expert's reasoning or methodology underlying the testimony must be scientifically reliable, *Daubert*, 509 U.S. at 592-93; and [3] the testimony must assist the trier of fact to understand the evidence or to determine a fact in issue. Fed. R. Evid. 702.

*Ervin v. Johnson & Johnson, Inc.*, 492 F.3d 901, 904 (7th Cir. 2007). Furthermore, district courts "'enjoy wide latitude and discretion when determining whether to admit expert testimony.'" *Id.* (quoting *Wintz by & through Wintz v. Northrop Corp.*, 110 F.3d 508, 512 (7th Cir. 1997)).

Plaintiff does not challenge LaCourt's qualifications, but rather the reliability of his reasoning. In fact, plaintiff contends that LaCourt's report is simply void of any reasoning at all. This, however, is a stretch. LaCourt explained that he reviewed plaintiff's dental records, defendants' affidavits about their treatment of plaintiff and plaintiff's dental expert's report. Using that information in conjunction with his knowledge as a practicing dentist, LaCourt reached opinions about the seriousness of plaintiff's dental condition during the relevant time frame, about the treatment plaintiff received and about who was capable of removing plaintiff's tooth. Medical professionals often review relevant medical documents to reach similar opinions. *See, e.g., Davis v.*

*Unum Life Ins. Co. of Am.*, 444 F.3d 569, 577 (7th Cir. 2006) (In an ERISA case, the Seventh Circuit noted that it is a "commonplace practice" for doctors to arrive at professional opinions after reviewing medical files. "In such file reviews, doctors are fully able to evaluate medical information, balance the objective data against the subjective opinions of the treating physicians, and render an expert opinion without direct consultation."). The mere brevity of LaCourt's opinions does not make them inadmissible as unreliable under Rule 702 and *Daubert*.

As for plaintiff's argument that the report was not a proper disclosure under Fed. R. Civ. P. 26(a)(2), it comes too late. Plaintiff received LaCourt's expert report back in mid-August, but waited almost two months to raise his concerns about the basis and reasons for the opinions in the report. As plaintiff points out, the report is short -- a single page -- meaning plaintiff either was or should have been aware of the limited nature of the report, or the testimony LaCourt would give at trial based on that report back in August. Plaintiff can certainly limit LaCourt to that report, but cannot come now, when trial is less than a month away, and seek to exclude the report altogether based on improper disclosure. Accordingly, plaintiff's motion in limine to exclude LaCourt's testimony will be denied.

Plaintiff also seeks to limit the scope of evidence admitted about his criminal record. Plaintiff requests that the jury be advised that he "was convicted of state felonies for domestic abuse on October 14, 2001, and October 15, 2006." (Pl.'s Mot. Limine, dkt. #157, at 1.) Plaintiff contends that any further evidence about his convictions should not be admitted because it would not be relevant, and even if it were relevant, its

4

probative value would be substantially outweighed by its prejudicial effect on plaintiff. Fed. R. Evid. 402 & 403. The court agrees. In a case about the dental care plaintiff received, it is hard to see any relevance details about plaintiff's convictions would have. And even if there was some relevance, there is little doubt that the prejudicial effect of such evidence on plaintiff would substantially outweigh any probative value. Accordingly, plaintiff's motion in limine to limit the scope of evidence about plaintiff's convictions will be granted.

## ORDER

IT IS ORDERED that:

(1) Defendants' motions in limine (a) to preclude opinion testimony as to plaintiff's credibility (dkt. #153) is GRANTED in part so long as defendants do not open the door, and (b) to limit questions on "standard of care" to that of a dentist with ordinary skill in the art is DENIED.

(2) Plaintiff's motion in limine to exclude expert testimony from Fred LaCourt, DDS, (dkt. #156) is DENIED and his motion in limine to limit the scope of evidence about his criminal convictions is GRANTED.

Entered this 2nd day of November, 2010.

BY THE COURT:

/s/

_____
WILLIAM M. CONLEY
District Judge